## M. MART STUCKEY
### v.
## D. C. CHURCHMAN.

1. JUSTICES OF THE PEACE—JURISDICTION.—Justices of the peace have no jurisdiction, either in actions for trespass *vi et armis* or in actions on the case.

2. RELATION BETWEEN TEACHER AND PUPIL—NO IMPLIED CONTRACT.—
There is no implied contract between teacher and pupil in our public schools,
that the former shall teach the latter. The only contract of the teacher is
with the board of directors employing him.

APPEAL from the Circuit Court of Montgomery county; the
Hon. H. M. VANDEVEER, Judge, presiding.

Mr. E. LANE, for appellant; contending that no action can
be maintained by the pupil against the teacher except for tort,
cited Spear v. Cummings, 23 Pick. 225.

The remedy is not against the teacher but the school direc-
tors: School Trustees v. Van Allen, 10 Chicago Legal News, 232.

Mr. GEORGE M. STEVENS, for appellee; argued that the par-
ent has the right to select what studies his child shall pursue,
and cited Morrow v. Wood, 35 Wis. 59; Ruhson v. Post, 79
Ill. 567; School Trustees v. Van Allen, 10 Chicago Legal
News, 232.

A scholar cannot be expelled from school except for bad con-
duct: Rulison v. Post, 79 Ill. 567; School Trustees v. Van
Allen, 10 Chicago Legal News, 232; Morrow v. Wood, 35
Wis. 59.

LACEY, J. This was an action commenced by appellee, a
boy some fifteen years of age, against appellant, a school
teacher, before a justice of the peace. The trial before the
justice resulted in favor of appellant. Upon appeal to the
Circuit Court of Montgomery county, a new trial was had, and
resulted in a verdict and judgment of one dollar against
appellant, who now brings the cause to this court.

The grounds of this action are, that appellee was a pupil in
the school taught by appellant. By order of the directors the
"Babitonian system" of writing was adopted, and the teacher
was ordered to compel the appellee, among other scholars, to
get a copy book and to take lessons in penmanship, and in case
of refusal, not to hear him recite in any other study, of which
appellee had five.

The father of appellee forbade him from complying with the

order, and appellee refused to pursue such study. The teacher refused to hear him recite any other lessons, when, after staying in the school some three days, he left of his own accord; no personal force was applied to eject him from the school house.

It is assigned for error, among other matters, that the justice of the peace had no jurisdiction of the subject-matter of the suit.

We think this objection is well taken. The statute does not give justices of the peace jurisdiction, either in actions for trespass *vi et armis*, or in actions on the case. Hurd's Statute 1874, p. 639.

But it is contended by the counsel for appellee, that there was an implied contract on the part of the appellant to teach appellee, and upon appellee to attend the school as a scholar, and hence the justice had jurisdiction on the grounds that it was an action of assumpsit. This position is not tenable. The only contract the appellant had, or could have had, under the school laws was with the directors. It was from them he received his employment and pay as a teacher. He had no contract with appellee. The appellee under the laws had the right to attend the public school which was provided for at the public expense for all unless that right for some reason was forfeited.

If appellant was liable at all to appellee for damages, it could only be recovered in an action on the case or trespass to the person of appellee, of which subject matter the justice of the peace, nor the Circuit Court upon appeal, had any jurisdiction.

For this reason the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.